IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID DUNHAM,

    Plaintiff,

v.

NANCY A. BERRYHILL,

Acting Commissioner of the Social
Security Administration,

    Defendant.

Case No. 3:16-cv-414

JUDGE WALTER H. RICE

MAGISTRATE JUDGE
MICHAEL J. NEWMAN

---

DECISION AND ENTRY ADOPTING IN THEIR ENTIRETY REPORT
AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE
JUDGE (DOC. #14), AND OVERRULING OBJECTIONS OF
DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF
THE SOCIAL SECURITY ADMINISTRATION (DOC. #15) TO SAID
JUDICIAL FILING; JUDGMENT TO BE ENTERED IN FAVOR OF
PLAINTIFF AND AGAINST THE DEFENDANT COMMISSIONER,
REVERSING THE DEFENDANT COMMISSIONER'S DECISION THAT
PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED
TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND
REMANDING CAPTIONED CAUSE TO THE COMMISSIONER FOR
FURTHER PROCEEDINGS; TERMINATION ENTRY

---

Plaintiff David Dunham ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On October 20, 2017, Magistrate Judge Michael J. Newman filed a Report and Recommendations, Doc. #14, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be reversed, and

that the captioned cause be remanded for further administrative proceedings. Based upon reasoning and citations of authority set forth below, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #6; and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations, Doc. #14, and OVERRULES the Commissioner's Objections, Doc. #15, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, as unsupported by substantial evidence, and remanding the captioned cause to the Commissioner for further proceedings.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)

(quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938)). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a [Judgment as a Matter of Law]." *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

3

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. In 2015, Raymond Luna, M.D., Plaintiff's treating physician since 2013, completed a Medical Impairment Questionnaire provided to him by Plaintiff's counsel. Doc. #6-8, PAGEID #707-08. In the questionnaire, Dr. Luna opined that Plaintiff "could stand and sit for 30 minutes each at one time, but . . . could not work at all during an eight-hour workday." Doc. #6-2, PAGEID #52 (citing Doc. #6-8, PAGEID #707-08). Administrative Law Judge Eric Anschuetz assigned little weight to Dr. Luna's opinion, concluding that the opined limitations "appear to be simply a restatement of the claimant's subjective allegations." Id. Also, the ALJ concluded that Dr. Luna's limitations were inconsistent with his activities of daily living and other medical evidence of record. Id., PAGEID #52-53. Yet, as the Magistrate Judge correctly concluded, the ALJ's discussion of Dr. Luna's opinion was inadequate, as he "fail[ed] to mention or specifically analyze whether Dr. Luna's opinion is entitled to controlling weight[.]" Doc. #14, PAGEID #762. The two-step analysis detailed in the treating physician rule in effect at the time of Plaintiff's application, 20 C.F.R. § 404.1527(c)(2), requires the ALJ first to determine whether a treating source opinion is entitled to controlling weight. Only after the ALJ determines that a treating source opinion is not entitled to such weight—and properly explains why he has arrived at that conclusion—can he decide to assign little or no weight to that opinion. Id. "[L]ack of explanation regarding 'the controlling weight [analysis] hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation.'" Doc. #14,

4

PAGEID #762 (quoting *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013)).

In her Objections, the Commissioner notes that, while Plaintiff's date last insured was December 31, 2012, Dr. Luna did not begin treating Plaintiff until July 2013, and did not issue his opinion until June 2015. Doc. #15, PAGEID #767 (citing Doc. #6-8, PAGEID #707-08); *see also* Doc. #6-2, PAGEID #47 (Plaintiff "last met the insured status requirements of the Social Security Act on December 31, 2012."). The Commissioner argues that, because Dr. Luna's opinion is only relevant "to the extent it illuminates a claimant's health <u>before</u> the expiration of his insured status[,]" Doc. #15, PAGEID #767 (emphasis in original) (quoting *Nagle v. Comm'r of Soc. Sec.*, No. 98-3984, 191 F.3d 452 (TABLE), 1999 WL 777355, at *1 (6th Cir. Sept. 21, 1999), and Dr. Luna's opinion was not consistent with relevant, objective evidence of record prior to the expiration of that status, the ALJ was correct in discounting Dr. Luna's opinion. Yet, the ALJ did not articulate the above as a reason for assigning little weight to that testimony, and the Commissioner may not fill in the gaps of the ALJ's opinion. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). As the ALJ's discussion of Dr. Luna's opinion did not "otherwise me[e]t the regulations goal[,]" *Gayheart*, 710 F.3d at 380, his failure to follow the two-step treating physician rule constitutes grounds for remand.

2. In her Objections, the Commissioner further notes that the ALJ did cite the facts that: (a) Dr. Luna's June 2015 opinion was only a check-off form provided by Plaintiff's counsel; and (b) the opinion was inconsistent with his own treatment notes as reasons for discounting it. Doc. #15, PAGEID #767-68 (citing Doc. #6-2, PAGEID #52-53; Doc. #6-7, PAGEID #394, 411-12; 20 C.F.R. § 404.1527(c)(3-4); *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993); *Hernandez v. Comm'r of Soc. Sec.*, No. 15-1875, 644 F. App'x 468, 474-75 (6th Cir. 2016)). As lack of explanation and inconsistency with evidence of record are proper reasons for discounting an opinion, the Commissioner argues that the ALJ has provided the requisite good reasons for assigning little weight to Dr. Luna's opinion, rendering harmless any error he may have committed in failing to go through the two-step process. *Id.*, PAGEID #767 (*citing Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004); *Martin v. Comm'r of Soc. Sec.*, No. 16-5013, 658 F. App'x 255, 258 (6th Cir. 2016)). Yet, supportability, consistency, specialization and other factors are only to be considered at step two in the analysis, *i.e.*, only after articulating why the treating physician's opinion is not entitled to controlling weight. 20 C.F.R. § 404.1527(c)(2-6). Again, the Commissioner may not present *post hoc* rationalizations that cannot be reasonably inferred from the ALJ's opinion.

3. The Commissioner argues that the ALJ's evaluation of Dr. Luna's opinion was not, as the Magistrate Judge suggested, limited to one paragraph; rather, the evaluation was made in conjunction with his analysis of all the medical evidence of record. Doc. #15, PAGEID #769-70 (citing Doc. #6-2, PAGEID #50-52; Doc. #6-7,

PAGEID #287, 308, 320, 338-39, 349, 355, 365, 386, 390, 393, 476-77, 555; Doc. #6-8, PAGEID #654-55; Doc. #14, PAGEID #763). Yet, as Plaintiff points out, portions of the ALJ's discussion of other medical evidence of record supported at least some of Dr. Luna's findings. Doc. #17, PAGEID #777-78 (citing Doc. #6-2, PAGEID #50-52). This is problematic in this matter, because the ALJ gave great weight to the opinions of the Commissioner's record reviewing physicians, who reviewed that same evidence, and whose opinions were to be subject to much more rigorous review than that of a treating physician. Doc. #6-2, PAGEID #50-52; Soc. Sec. R. 96-6p, 1996 WL 374180, at *2 (Jul. 2, 1996). The ALJ's failure to build a logical bridge connecting: (a) the evidence of record; (b) his decisions on the weight to assign to certain medical opinions; (c) and the residual functional capacity he assigned to Plaintiff, is grounds for remand. *See Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) (citations omitted) ("The ALJ is not required to discuss every piece of evidence, but must build a logical bridge from evidence to conclusion.").

4. The Magistrate Judge concluded that "evidence of disability is not overwhelming. Therefore, a remand for further proceedings is proper." Doc. #14, PAGEID #764 (citing *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)). Plaintiff does not argue in his response memorandum that evidence of disability is overwhelming, or that evidence of disability is strong and evidence of non-disability is lacking, such that remand for an award of benefits would be proper. *Faucher*, 17 F.3d at 176. Nor, from this Court's review of the record, could Plaintiff have reasonably so argued. Thus, remand for further proceedings is appropriate.

7

WHEREFORE, based upon the aforesaid, this Court adopts in their entirety the Report and Recommendations of the United States Magistrate Judge, Doc. #14, and overrules the Commissioner's Objections to said judicial filing. Doc. #15. Judgment shall enter in favor of Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act as unsupported by substantial evidence, and remanding the captioned cause to the Defendant Commissioner for further proceedings.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: January 22, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE